Clayeo C. Arnold, SBN 65070
Joshua H. Watson, SBN 238058
**CLAYEO C. ARNOLD,
A PROFESSIONAL LAW CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Attorneys for Plaintiff
*Kevin Patrick*, *individually,*
*and on behalf of similarly situated employees*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN PATRICK, *individually, and on behalf of similarly situated employees*<br><br>        Plaintiff,<br>vs.<br><br>MOVIE GRILL CONCEPTS TRADEMARK HOLDINGS LLC, MOVIE GRILL CONCEPTS XX LLC,<br><br>        Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>1. FAILURE TO PAY OVERTIME WAGES (FLSA)<br><br>2. FAILURE TO PAY OVERTIME WAGES (CAL. LABOR CODE)<br><br>3. FAILURE TO PAY STATUTORY WAGES FOR FAILURE TO PROVIDE SUITABLE RESTING FACILITIES (CAL. LABOR CODE AND REGULATIONS)<br><br>4. FAILURE TO TIMELY PAY WAGES (CAL. LABOR CODE AND REGULATIONS)<br><br>5. FAILURE TO PAY WAGES DUE AT TERMINATION OF EMPLOYMENT<br><br>***PUTATIVE RULE 23 CLASS ACTION & PROPOSED FLSA COLLECTIVE ACTION***<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT FOR DAMAGES

1

Comes now Plaintiff KEVIN PATRICK, and those similarly situated, who allege and complains as follows on information and belief, and who prays for relief from the court.

### NATURE OF THE ACTION

1. Plaintiff is an employee who worked in Rocklin, California as a cook at Studio Movie Grill, a business that shows movies and serves patrons with food and drinks at their theater seats. The business employs dozens of people on any given shift, including a large kitchen staff. The business classifies some cooks as "assistant kitchen managers" and places them on salary, but such employees still have cooking as their primary duty and as the work in which they are primarily engaged. They are not exempt employees under the law, but the business does not pay them overtime or provide required breaks. In the relevant time period, Plaintiff worked as both a cook who was treated as a non-exempt employee and as an assistant kitchen manager who was non-exempt, but was treated as though he were exempt.

2. This action seeks relief for three categories of wrongs:
   a. Failure to pay overtime under both state and federal law for assistant kitchen managers, and those similarly situated due to misclassification as exempt employees.
   b. Failure to pay wages required by regulation due to the business' failure to provide suitable resting facilities for employees taking their rest periods (Cal. Wage Order No. 5, §§ 12-13).
   c. Failure to redress the cascade of violations of labor laws resulting from the two items above (e.g. failure to pay all wages due at termination, etc.)

3. With respect to claims made pursuant to federal law, Plaintiff seeks treatment of this matter as an opt-in collective action under the Fair Labor Standards Act ("FLSA"). This portion of the case is appropriate for nationwide treatment. The business operates in about 34 locations across about 10 states. (*See*, https://www.studiomoviegrill.com/locations.)

CLASS ACTION COMPLAINT FOR DAMAGES

2

4. With respect to claims made pursuant to state law, Plaintiff seeks treatment of this matter as a Rule 23 class action. This portion of the case is appropriate for statewide treatment. The business operates in about seven locations in the state, each employing dozens of people.

5. Plaintiff reserves the right to amend this complaint at a later date to include additional California claims pursuant to the California Private Attorney General Act ("PAGA").

## PARTIES

6. Plaintiff KEVIN PATRICK (hereafter "PLAINTIFF") is an adult individual residing in California. PLAINTIFF was at relevant times employed by MOVIE GRILL CONCEPTS TRADEMARK HOLDINGS LLC and/or MOVIE GRILL CONCEPTS XX LLC in Rocklin, California, located in Placer County.

7. Defendants MOVIE GRILL CONCEPTS TRADEMARK HOLDINGS LLC and MOVIE GRILL CONCEPTS XX LLC operate under the trade name "Studio Movie Grill." They are a private business and employers in California, operating a chain of movie theaters with restaurants that incorporate dining into the movie-going experience. At various times, each of the named defendants was an employer listed as Plaintiff's employer in Plaintiff's paystubs and W2 forms.

8. References to DEFENDANT in this Complaint, refer to Defendants MOVIE GRILL CONCEPTS TRADEMARK HOLDINGS LLC and MOVIE GRILL CONCEPTS XX LLC collectively and individually.

## JURISDICTION AND VENUE

9. Subject matter jurisdiction exists via federal question because Plaintiff alleges violation of the U.S. Fair Labor Standards Act (29 USC § 201) (hereafter, "FLSA").

10. The court also has supplemental jurisdiction over any and all state law allegations in this complaint because they are transactionally related to the employment at issue in the claims giving rise to the federal question upon which subject matter jurisdiction is based. (28 USC § 1367(a).)

CLASS ACTION COMPLAINT FOR DAMAGES

3

11. Personal jurisdiction exists because DEFENDANT has at all relevant times operated multiple theater-restaurants within California, and employed PLAINTIFF and several dozen other California class members in California subject to California law and jurisdiction.

## **GENERAL FACTUAL ALLEGATIONS**

12. PLAINTIFF and the class members were employed at all relevant times by DEFENDANT.

13. PLAINTIFF an the class members had employment with DEFENDANT was at all relevant times as non-exempt employees entitled to at least minimum wage and payment for any overtime worked in compliance with law, including FLSA (and, as to Californians, the California Labor Code and related regulations).

14. Even when Plaintiff or other class members employed as assistant kitchen managers (or similarly) were classified by DEFENDANT as exempt employees, each was in fact non-exempt because each worked as a cook whose primary duties were to cook and who was primarily engaged in cooking.

15. PLAINTIFF is similarly situated to the following groups with respect to this action:

    a. All assistant kitchen managers employed nationwide by DEFENDANT within the relevant statute of limitations period(s) with respect to FLSA claims.

    b. All assistant kitchen managers employed in California by DEFENDANT within the relevant statute of limitations period(s) with respect to failure to claims under the California Labor Code for failure to pay all wages (and the related resulting violations of the Labor Code).

    c. All of DEFENDANT'S employees in California as to resting facilities claims.

    d. All of DEFENDANT'S employees at the Studio Movie Grill in Rocklin, California as to resting facilities claims.

CLASS ACTION COMPLAINT FOR DAMAGES

4

16. PLAINTIFF and similarly situated employees working as assistant kitchen managers (or in similar positions even if named otherwise) were not compensated as required by FLSA or Cal. Labor Code, as stated below:

   a. The employees were non-exempt under FLSA and Cal. Labor Code but were treated as exempt and paid via salary. However these employees worked far in excess of 40 hours per week and 8 hours per day, yet did not receive overtime.

   b. The employees were not provided with rest periods as required for non-exempt employees, yet were not paid the statutory wages required for any day on which such an employee is denied one or more rest periods. (Cal. Wage Order No. 5 § 12.)

   c. The employees were not provided with meal periods as required for non-exempt employees, yet were not paid the statutory wages required for any day on which such an employee is denied one or more meal periods. (Cal. Wage Order No. 5 § 11.)

17. PLAINTIFF and similarly situated employees working in any capacity in California, (including but not limited to DEFENDANT'S Rocklin, California location) were not compensated as required by California law because:

   a. DEFENDANT'S locations provide very little space for any rest facilities for employees. The rest facilities at the Rocklin, California location (where were substantially similar to facilities at the other California locations) were:

      i. A room of about 6 feet by 4 feet with a few chairs and a small refrigerator which was far too small to accommodate the staff who might go to break at any given time.

      ii. A bench area next to the garbage outside which was unsheltered, dirty, bad smelling, and unhealthful. Eventually, DEFENDANT removed the benches.

CLASS ACTION COMPLAINT FOR DAMAGES

5

       iii. Of such unsuitable nature that employees often skipped their breaks, or took their breaks in their parked cars.

   b. DEFENDANT was obligated to pay statutory wages to Plaintiff and similarly situated employees for each day of employment its failure to provide suitable resting areas in violation of Cal. Wage Order 5 § 12-13.

18. DEFENDANT failed to pay the statutory wages and overtime wages as alleged above.

19. DEFENDANT failed to include the statutory wages and overtime wages due as alleged above on employees' pay stubs.

20. DEFENDANT failed to pay all wages due, including overtime and statutory wages, upon termination or at any time thereafter to PLAINTIFF or those similarly situated whose employment has ended within the relevant statute of limitations.

21. DEFENDANT'S conduct was a knowing and deliberate attempt to evade minimum wage laws, including FLSA and the California Labor Code. DEFENDANT was aware of all of its obligations under the FLSA and California Labor Code, including but not limited to the obligations that employees must be compensated for all time spent working, that accurate records were required, and that any premiums or statutory damages needed to be paid and reported on time stubs. DEFENDANT made the knowing and deliberate determination not to comply with FLSA and the California Labor Code. DEFENDANT'S conduct was knowing, intentional, oppressive, and malicious, and justifies an award of punitive/exemplary damages.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

22. PLAINTIFF brings this matter as a class/collective action, identifying the following class and subclass definitions:

   a. <u>The National FLSA Class:</u> The National FLSA Class in this matter consists of all current and past employees of DEFENDANT who worked as an assistant kitchen manager within the time period of the relevant statute(s) of limitation.

   b. <u>The California Assistant Kitchen Manager Subclass:</u> The California Assistant Kitchen Manager Subclass in this matter consists of those class members who

      performed work for DEFENDANT as an assistant kitchen manager in California within the time period of the relevant statute(s) of limitation.

    c. <u>The California Resting Facilities Subclass:</u>  The California Resting Facilities Subclass in this matter consists of those class members who performed work for DEFENDANT in California within the time period of the relevant statute(s) of limitation.

    d. <u>The Rocklin Resting Facilities Subclass:</u>  The Rocklin Resting Facilities Subclass in this matter consists of those class members who performed work for DEFENDANT at its Rocklin, California location within the time period of the relevant statute(s) of limitation.

23. Plaintiff reserves the right to amend the complaint to amend the class definition or define or alter sub-classes.

24. <u>Ascertainability:</u>  The class members may be readily ascertained from DEFENDANT'S employment and payroll records.  Such records are in the custody and control of DEFENDANT.

25. <u>Numerosity:</u>  PLAINTIFF is informed and believes, and thereon alleges that over 1,000 employees fall within the proposed National Class, and that over 250 employees fall within the proposed California sub-classes.  Given this number of potential class members, it is not practicable to join all plaintiffs to the litigation.

26. <u>Commonality:</u> Questions of law and fact of the class predominate over any individual concerns of class members.  Such common issues include but are not limited to:

    a. Establishing the job duties of assistant kitchen managers as related to the overtime exemption rules of FLSA;

    b. Establishing the job duties of assistant kitchen managers as related to the overtime exemption rules of the California Labor Code;

    c. Establishing the job duties of assistant kitchen managers as related to the overtime exemption rules of California Wage Order 5;

    d. Establishing that FLSA was violated by misclassifying assistant kitchen managers as exempt employees;

CLASS ACTION COMPLAINT FOR DAMAGES

7

  e. Establishing that the California Labor Code was violated by misclassifying assistant kitchen managers as exempt employees;

  f. Establishing that the violations of FLSA were willful and the result of DEFENDANT'S deliberate planning, extending the relevant statute of limitations;

  g. Determining the method of calculating damages for class members within each class and subclass;

27. <u>Typicality:</u>  The claims of the named Plaintiff are typical of the claims of the class members.  PLAINTIFF and all class members sustained injuries and damages arising out of and caused by the DEFENDANT'S common course of conduct in violation of laws, regulations that have the force and effect of law.

  a. All members of the National FLSA Subclass like the class representative in this Complaint, were denied payment of overtime wages required by FLSA.

  b. All members of the California Assistant Kitchen Manager Class, like the class representative in this Complaint, were denied payment of overtime wages required by the California Labor Code, and payment of consequential statutory wages arising from the failure to pay and report such wages.

  c. The California Resting Facilities Subclass and Rocklin Resting Facilities Subclass members, like the class representative in this Complaint, were denied suitable resting facilities and the payment of statutory wages resulting from that denial.

28. <u>Adequacy:</u>  The named class representative has agreed to serve as a representative of all similarly situated employees to raise common claims.  PLAINTIFF understands that as a class representative he will owe an obligation to work with competent counsel and take actions to promote, advance and prevail on the claims being made, not just individually, but for the collective group of employees as a whole.  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has agreed to represent the proposed class and act in furtherance of the class interests.  Plaintiff is aggrieved in a similar manner as the class members, with the only variation being the amount of loss and damage suffered by individual employees as a result of Defendants' common, uniform and systematic practice. Counsel who represent Plaintiff are

CLASS ACTION COMPLAINT FOR DAMAGES

appropriately competent in wage and hour and class litigation, and are readily able to successfully prosecute this class action.

29. <u>Superiority:</u>  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over questions affecting only individual class members.  Each class member has been damaged and is entitled to recovery by reason Defendant's unlawful behavior.  A class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

30. With respect to the National FLSA Class, this group is an opt-in collective not subject to Rule 23 certification, and will instead be identified and included according to the procedure provided for FLSA collective matters, including a timely motion for approval of the FLSA claim and opt-in notice to the members of this collective.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF**

**FAIR LABOR STANDARDS ACTION 29 U.S.C. § 207**

**(BY PLAINTIFF and NATIONAL FLSA CLASS DEFENDANT)**

31. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

32. DEFENDANT failed to pay PLAINTIFF and similarly-situated employees for hours worked in excess of forty hours per week as required by 29 USC § 207 at the rate of one and one-half their regular rates of pay.

33. PLAINTIFF and similarly-situated employees pray for payment of all such wages due, interest on such wages, penalties, liquidated damages, attorney-fees, and costs of litigation and such other relief as the court may see fit to award.  This includes but is not

CLASS ACTION COMPLAINT FOR DAMAGES

9

limited to such relief as is provided by 29 USC 216(b): payment of unpaid wages, and in addition an equal amount as liquidated damages.

34. Due to the willful nature of DEFENDANT'S behavior, PLAINTIFF and similarly situated employees seek recovery for DEFENDANT'S conduct for the three years preceding the filing of the Complaint in this matter, pursuant to 29 USC § 255. In the alternative, PLAINTIFF and similarly situated employees seek recovery for DEFENDANT'S conduct for the two years preceding the filing of the Complaint in this matter.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF

## CALIFORNIA LABOR CODE §§ 510, 1194, and WAGE ORDER NO. 5

## (BY PLAINTIFF AND CALIFORNIA ASSISTANT KITCHEN MANAGER SUBCLASS AGAINST DEFENDANT)

35. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

36. Eight hours of labor constitutes a day's work, and any work in excess of 8 hours in 1 workday and any work in excess of 40 hours in any one workweek and any work on the seventh consecutive day shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day, or in excess of 8 hours on the seventh consecutive day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. (Labor Code § 510 and applicable IWC Wage Order.)

37. PLAINTIFF is informed and believes, and based thereon alleges, that during all times relevant to this action, PLAINTIFF and the relevant subclass members worked more than 8 hours per workday on some occasions, and/or more than 40 hours per workweek, and/or performed work on the seventh consecutive day of working in an amount to be

CLASS ACTION COMPLAINT FOR DAMAGES

10

proven at trial, but did not receive any overtime wages for overtime hours suffered or permitted to work.

38. Based on the misconduct alleged in this Complaint, PLAINTIFF and the relevant subclass members seek to recover unpaid overtime compensation, penalties, interest, reasonable attorneys' fees, and costs in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY STATUTORY WAGES FOR FAILURE TO PROVIDE SUITABLE RESTING FACILITIES IN VIOLATION OF CALIFORNIA WAGE ORDER NO. 5

## (BY PLAINTIFF, CALIFORNIA RESTING FACILITIES SUBCLASS AND ROCKLIN RESTING FACILITIES SUBCLASS AGAINST DEFENDANT)

39. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

40. California Wage Order 5 is a California regulation governing the terms and conditions of DEFENDANT'S employment of workers in California, including Plaintiff and the relevant subclass members.

41. Wage Order 5 §§ 12-13 require DEFENDANT to provide "suitable resting facilities…in an area separate from the toilet rooms and shall be available to employees during work hours," requires DEFEDNANT "to provide an employee a rest period in accordance with the applicable provisions of the Order," and provides that "the employer shall pay employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the reset period is not provided."

42. DEFENDANT did not provide suitable rest facilities to the relevant subclasses, as alleged herein, but did not pay the required statutory wages owed as a result.

43. Based on the misconduct alleged in this Complaint, PLAINTIFF and the relevant subclass members seek to recover unpaid overtime compensation, penalties, interest, reasonable attorneys' fees, and costs in an amount to be determined at trial.

CLASS ACTION COMPLAINT FOR DAMAGES

11

## FOURTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY WAGES IN VIOLATION OF CALIFORNIA LABOR CODE § 204 AND RELATED AUTHORITIES

## (BY PLAINTIFF, CALIFORNIA ASSISTANT KITCHEN MANAGER CLASS, CALIFORNIA RESTING FACILITIES SUBCLASS, AND ROCKLIN RESTING FACILITIES SUBCLASS AGAINST DEFENDANT)

44. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

45. Pursuant to California Labor Code § 204, "all wages … earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

46. Pursuant to Labor Code §§ 218.5 and 218.6, an action may be brought for the nonpayment of wages and fringe benefits.

47. As pled herein, Plaintiff and relevant class members have not been paid overtime wages and statutory wages.

48. Plaintiff and relevant class members seek damages, interest, attorney fees, and costs in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE § 203 (FAILURE TO PAY WAGES DUE AT TERMINATION OF EMPLOYMENT)

## (BY PLAINTIFF, CALIFORNIA ASSISTANT KITCHEN MANAGER CLASS, CALIFORNIA RESTING FACILITIES SUBCLASS, AND ROCKLIN RESTING FACILITIES SUBCLASS AGAINST DEFENDANT)

49. PLAINTIFF hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

50. DEFENDANT willfully failed to pay PLAINTIFF and relevant class members all wages due at the time of termination, including unpaid statutory wages and overtime wages.

51. PLAINTIFF therefore seeks damages and penalties as available at law for failure to pay final wages in full, including but not limited to those provided by Cal. Labor Code §203.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. For damages according to proof;
2. For reasonable attorney fees and costs to the extent allowed by law;
3. For unpaid wages, overtime compensation, and penalties;
4. For prejudgment interest to the extent allowed by law;
5. For liquidated damages as provided for by law;
6. For statutory wages as provided for by law;
7. For orders as necessary to administrate this matter as a collective action pursuant to FLSA, including but not necessarily limited to ordering notice as appropriate for various stages of the litigation to all potential similarly situated claimants, including any opt-in claimants into this litigation, approving any settlement that may be proposed, and issuing orders to allow administering any settlement or trial proceeds as may be obtained in a trial in this matter;
8. For class certification and related relief pursuant to Rule 23;
9. For such other and further relief as this court deems just and proper.

For due process purposes, Plaintiff asserts damages of up to $5,000,001, including all damages and penalties due to Plaintiff and similarly situated employees. This number may be adjusted upwards or downwards in keeping with information obtained in conformity with law, and is asserted here for default-judgment purposes.

CLASS ACTION COMPLAINT FOR DAMAGES

13

Respectfully submitted,

Date: January 3, 2020					CLAYEO C. ARNOLD, APLC


							By:   /s/ Joshua H. Watson
							      Joshua H. Watson
							      Attorney for Plaintiff


**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury for all matters subject to determination by a jury.

Date: January 3, 2020					CLAYEO C. ARNOLD
							A Professional Law Corporation

							By:   /s/ Joshua H. Watson
							      Joshua H. Watson
							      Attorney for Plaintiff

**Re: Patrick v Studio Movie Grill**

## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer named above, and any other related entities or affiliates (herein after collectively referred as "Defendants"), to recover unpaid wages, including an applicable unpaid overtime wages, minimum wages, statutory penalties, interest and attorney's fees as applicable.
2. During my employment, which was within the past three years, there were occasions where I did not receive proper compensation for all of my hours worked. I am informed and believe that this includes but is not necessarily limited to not receiving payment for hours worked or overtime due to misclassification as a salaried/exempt employee.
3. I expressly consent to be a party to a claim or lawsuit filed as a collective action. If this action does not proceed collectively, then I also consent to join any subsequent or other action to assert these claims against Defendants and any other related entities or affiliates.

Date  4/24/19

Signature _____
Kevin Patrick